St. Vincent College, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 11, 1979, before Judges Blatt, DiSalle and MacPhail, sitting as a panel of three.

*Bernard F. Scherer,* with him *Lightcap, McDonald & Moore,* for petitioner.

*GuruJodha Singh Khalsa,* Assistant Attorney General, with him *Reese F. Couch,* Assistant Attorney General, and *J. Justin Blewitt,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, October 3, 1979:

The employer, St. Vincent College, appeals here from an order of the Unemployment Compensation Board of Review (Board) granting benefits to the claimant, Mary T. Kralik.

The claimant had been denied benefits by the Bureau of Employment Security and by the referee on the basis that, having voluntarily terminated her employment without cause of a necessitous and compelling nature, she was barred by Section 402(b)(1) of the Unemployment Compensation Law[1] from receiving benefits. The Board reversed and awarded benefits, however, on the basis that the claimant had presented her employer with a doctor's certificate advising that if lighter work was unavailable she would be forced to quit. This medical certificate, however, was never received into the record, in spite of the fact that both the referee and the Board referred to it in their findings of fact. The sole issue presented on appeal being whether or not the certificate established the claimant's eligibility for benefits, we believe that it should be made part of the record so that judicial review may properly be conducted. *Remaley v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 254, 381 A.2d 232 (1978). The order of the Board is vacated and the matter is remanded to the Board for the purpose of receiving the medical certificate into evidence.

---

[1] Act of December 5, 1936, Special Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

### ORDER

AND Now, this 3rd day of October, 1979, the order of the Unemployment Compensation Board of Review is vacated and the matter is hereby remanded to the Board to incorporate into the record the doctor's certificate at issue in accordance with this opinion.